**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **Salem Yaser,** | **Case No. 4:26-cv-00756-PAB** |
| **Petitioner,** | |
| **-vs-** | |
| | **JUDGE PAMELA A. BARKER** |
| **ICE Detroit, MI 48226,** | |
| **Respondent** | **MEMORANDUM OPINION & ORDER** |

On March 30, 2026, Petitioner Salem Yaser filed his Petition under 28 U.S.C. § 2241 solely challenging the length of his detention pending removal under *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Doc. No. 1.)  On May 26, 2026, Respondent filed its Answer and asserted, among other things, that "Yaser is currently scheduled for removal from the United States on or about June 9, 2026, via a Special High-Risk Charter flight."  (Doc. No. 6, PageID #28.)  Petitioner did not respond to Respondent's Answer.

On June 17, 2026, the Court issued a non-document Order directing Respondent "to file a notice with the Court, on or before June 24, 2026, advising the Court as to whether Petitioner has been removed from the United States."   On June 24, 2026, Respondent filed a notice, supported by the Declaration of Christopher Kitchen, advising the Court that "Salem Yaser was removed from the United States on June 9, 2026, via a Special High-Risk Charter flight to the West Bank."  (Doc. No. 7, PageID #41.)

The Sixth Circuit has held that a petition for writ of habeas corpus challenging the length of an alien's detention pending removal is rendered moot by the alien's removal from the United States.  *Enazeh v. Davis*, 107 F. App'x 489, 491 (6th Cir. 2004); *Haddad v. Ashcroft*, 76 F. App'x

672, 673 (6th Cir. 2003) (removal moots claims relating to conditions of detention.) Accordingly, "[c]ourts within this district have previously determined that once a § 2241 petitioner has been removed from the United States and deported to his native country, his petition seeking release from detention becomes moot due to a lack of live case or controversy." *Thabet v. Adducci*, No. 4:18CV2018611 U.S. Dist. LEXIS 152034, at *7 (N.D. Ohio July 23, 2018) (citing cases), *adopted by* 2018 U.S. Dist. LEXIS 152202 (Sept. 5, 2018); *see also Brobou Bi Boh Laurent v. Sessions*, No. 4:18-CV-935, 2019 U.S. Dist. LEXIS 2774, at *3 (N.D. Ohio Jan. 7, 2019) ("In any event, ICE successfully deported Petitioner in July after he had spent one year, six months, and four days in custody. As Laurent has obtained the relief he sought in his petition, his case is moot and the Court lacks subject-matter jurisdiction over his request for release").

Here, respondent has submitted an affidavit attesting to Yaser's removal from the United States and release from ICE custody effective June 9, 2026. Because Yaser is no longer being detained by Respondent, Yaser's sole request for relief has been rendered moot, and the Court lacks subject matter jurisdiction over the Petition. *Manuel v. Barr*, No. 4:18CV2139, 2019 U.S. Dist. LEXIS 65714, at *1 (N.D. Ohio Apr. 17, 2019) ("Because Manuel sought only relief from his pre-removal custody, his petition is now moot"). For these reasons, Yaser's Petition (Doc. No. 1) is denied without prejudice. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

s/Pamela A. Barker
PAMELA A. BARKER
Date: June 25, 2026        U. S. DISTRICT JUDGE

2